UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEE D. WILLIAMS, | ) CASE NO. 4:05 CV 2671 |
| Plaintiff, | ) JUDGE PETER C. ECONOMUS |
| v. | ) |
| DR. HADDAD, et al., | ) <u>MEMORANDUM OF OPINION</u> <u>AND ORDER</u> |
| Defendants. | ) |

On November 15, 2005, plaintiff <u>pro se</u> Lee D. Williams, an inmate at the Ohio State Penitentiary ("OSP"), filed this 42 U.S.C. § 1983 action against OSP Physician Dr. Haddad, OSP Health Care Administrator Ms. Williams, OSP Institutional Inspector Tracy England, Ohio Department of Rehabilitation and Correction ("ODRC") Medical Director Dr. Reid, and ODRC Chief Inspector Cheryl Martinez.  For the reasons stated below, this action is dismissed.

The complaint consists of numerous allegations concerning the conditions of plaintiff's current confinement.  Included among these, plaintiff complains that he has not received adequate medical treatment from Dr. Haddad for pain despite numerous sick call visits, and that the inadequate treatment was to punish and retaliate against him.  Defendant Williams indicated she did not

believe there was evidence to support plaintiff's assertions. Plaintiff spoke with defendant England concerning his medical treatment, but plaintiff was only interviewed one time.  Plaintiff sent copies of his grievances to Dr. Reid, and received a letter back from the Bureau of Medical Services advising him to go through the proper grievance procedure.  He is not satisfied with the speed of the disposition of his grievance appeals by defendant Martinez.

      A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998).  To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes.  Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

---

[1] See also, Lyons-Bey v. Curtis, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v.

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. Although he attached copies of some relevant grievances, it appears that the appeals process was not completed on all of his claims. For example, it is evident that the appeal concerning his claim against Institutional Inspector England was still pending at the time the complaint was filed. Complaint, Exh O2. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted

---

Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

claims. Id. at 808. Because plaintiff has not demonstrated that he has exhausted the grievance procedure for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s Peter C. Economus-2/10/06
_____
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

4